NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4176
_____

SCOTTSDALE INSURANCE COMPANY

v.

THE CITY OF HAZLETON; PEDRO LOZANO;
CASA DOMINICANA OF HAZLETON, INC.;
HAZLETON HISPANIC BUSINESS ASSOCIATION;
PENNSYLVANIA STATEWIDE LATINO COALITION

THE CITY OF HAZLETON,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-07-cv-01704)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, Circuit Judges

(Filed:  November 5, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

In *Lozano v. City of Hazleton*, a group of individuals and organizations challenged two Hazleton, Pennsylvania ordinances regulating the employment and housing of aliens who lack lawful immigration status. After a bench trial, the *Lozano* District Court enjoined the City of Hazleton from enforcing those ordinances. In this case, Hazleton appeals a final order of the District Court for the Middle District of Pennsylvania granting summary judgment to Scottsdale Insurance Company on various insurance coverage claims arising out of the *Lozano* litigation. Having thoroughly reviewed the parties' briefs and the record, we will affirm the grant of summary judgment substantially for the reasons set forth in the District Court's well reasoned memorandum opinion.[1]

The primary questions on appeal, as in the District Court, are whether Scottsdale is obligated to pay for any attorneys' fees assessed against Hazleton in the *Lozano* litigation; whether Scottsdale is obligated to reimburse Hazleton for payments to an attorney it retained to represent it alongside counsel provided by Scottsdale; and whether Scottsdale acted in bad faith when it purportedly failed timely to advise Hazleton of a conflict of interest.

On the first question, regarding attorneys' fees, the District Court held that the policy's exclusion of "fees, costs or expenses which the insured may become obligated to pay as a result of any adverse judgment for declaratory relief or injunctive relief"

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. Our jurisdiction arises under 28 U.S.C. § 1291.

unambiguously encompasses any attorneys' fee award incident to the *Lozano* judgment and rejected Hazleton's argument that attorneys' fees may be considered a form of "monetary damages," rather than "costs," under the policy. We agree with, and adopt, the District Court's analysis.

On appeal, Hazleton raises three additional issues regarding the attorneys' fee award, all of which lack merit. First, we need not speculate whether the allegations in the *Lozano* plaintiffs' Second Amended Complaint could have supported a claim for damages because plaintiffs specifically amended their complaint to remove the prayer for compensatory damages and because the litigation concluded without plaintiffs seeking, or being awarded, such damages. Second, the "supplementary payments" clause that Hazleton invokes does not alter the District Court's analysis because the policy language makes clear that the exclusions, including the exclusion that incorporates attorneys' fees awards incident to the *Lozano* judgment, supersede the obligations to defend or to indemnify that arise out of other policy provisions. Third, Scottsdale does not owe Hazleton coverage for attorneys' fees incurred before the *Lozano* plaintiffs amended their complaint to remove the damages claim. Regardless of why the attorneys' fees were *incurred*, Hazleton will only "become obligated to pay" them "as a result of an[] adverse judgment for declaratory relief or injunctive relief." Thus, the policy's exclusion covers the entire amount of the attorneys' fee award.[2]

---

[2]Although Hazleton does not specifically identify it as an "issue presented," Hazleton also argues in its brief that Scottsdale must pay any attorneys' fee award as part of its

On the second major point, concerning Scottsdale's obligation to reimburse Hazleton for fees and expenses it paid to its independent attorney, the District Court found that Hazleton failed to present any evidence to support its argument that it was entitled to choose its own counsel because of a conflict between it and Scottsdale's appointed counsel. The District Court also held that, under the policy's plain language, Scottsdale has no obligation to pay for services provided by the independent attorney because Hazleton retained him without Scottsdale's consent. Here again, we agree with the District Court's assessment. Hazleton presents no new arguments or facts related to this point on appeal.

On the last major issue, the bad faith claim, the District Court concluded that Hazleton failed to carry its burden in opposing summary judgment. It found that Scottsdale properly put Hazleton on notice of the grounds for its potential denial of coverage through a November 9, 2006 reservation of rights letter and that Scottsdale's three-month delay in issuing the letter was not unreasonable as a matter of law. The District Court also rejected Hazleton's assertion that Scottsdale pursued a trial strategy in the *Lozano* case that was intended to avoid coverage. Hazleton does not raise any new arguments or point to any facts that the District Court failed to consider. We adopt the District Court's cogent analysis on this point, as well.

---

duty to defend on the theory that "coverage is uncertain." We reject this argument in light of our conclusion that the policy unambiguously excludes coverage for attorneys' fees in this case .

For the foregoing reasons, and for the reasons set forth in the District Court's memorandum accompanying its summary judgment order, we will affirm the order of the District Court.